UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:09-cr-100-SEB-KPF -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JAMES E. COLE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:09-cr-00100-SEB-KPF ) |
| JAMES E. COLE, | ) -01 ) |
| Defendant. | ) |

**ORDER**

Defendant James E. Cole has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 46. Mr. Cole seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19.[1] *Id.* For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2009, Mr. Cole pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1), and one count of brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). Dkts. 19, 24. According to the factual basis accompanying his guilty plea, Mr. Cole robbed a credit union by pointing a gun at an employee and forcing her into the building when she arrived in the morning. Dkt. 20. He held the

---

[1] Alternatively, Mr. Cole seeks immediate release to home confinement. Dkt. 56 at 1-2. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Cole's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Cole's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

employee at gunpoint and demanded she open the vault to give him money. Mr. Cole was arrested by law enforcement officers when he left the credit union with a full bag of cash. The Court sentenced Mr. Cole to 125 months of imprisonment on Count 1 and 84 months of imprisonment on Count 2, to run consecutively, for a total of 209 months. Dkts. 23, 24. The Court also imposed a supervised release term of 5 years. *Id.* The Bureau of Prisons (BOP) lists Mr. Cole's anticipated release date (with good-conduct time included) as April 20, 2025.

Mr. Cole is 50 years old. He is currently incarcerated at USP McCreary in Pine Knot, Kentucky. As of November 12, 2021, the BOP reports that no inmates and 1 staff member at USP McCreary have active cases of COVID-19; it also reports that 304 inmates at USP McCreary have recovered from COVID-19 and that 2 inmates at USP McCreary have died from the virus. https://www.bop.gov/coronavirus/ (last visited Nov. 15, 2021). The BOP also reports that 1251 inmates at USP McCreary have been fully inoculated against COVID-19. *Id.* That is, 83 percent of the inmates at USP McCreary have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Nov. 11, 2021, the BOP reports that USP McCreary and its satellite camp have a total inmate population of 1501).

Mr. Cole initially filed a pro se motion for compassionate release. Dkt. 46. The Court appointed counsel, dkt. 47, and appointed counsel filed a memorandum in support of motion for compassionate release, dkt. 56. The United States filed a brief in opposition to the motion, dkt. 58, and Mr. Cole filed a reply, dkt. 59. In his reply, Mr. Cole acknowledges that he received both doses of the Moderna COVID-19 vaccine, but nevertheless argues that he should be released immediately because it is not clear that vaccines will be effective against the virus or for how long any immunity from the vaccine may last. *Id.* The motion is now ripe for decision. As explained

below, Mr. Cole has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II. Discussion

Mr. Cole seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 56. Specifically, he contends that his underlying medical conditions (age, history of smoking crack cocaine, hypertension and sleep apnea), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Mr. Cole faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.[2] While the Court sympathizes with Mr. Cole's fear of becoming infected with the virus, the general threat of contracting COVID-19 is not an extraordinary and

---

[2] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Cole's warden in denying Mr. Cole's administrative request for relief. Mr. Cole's warden appears not to have considered the possibility that Mr. Cole could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement. *See* dkt. 56-6. Thus, the warden's decision provides little guidance to the Court's analysis.

4

compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Cole does not appear to suffer from any health conditions that can make you more likely to get severely ill from COVID-19.[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 15, 2021). Nevertheless, for purposes of resolving his motion, the Court will assume that Mr. Cole suffers from such a condition. Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See*, *e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Moderna vaccine that Mr. Cole received. *See* dkt. 58-2. Although no vaccine is perfect, the CDC reports that studies have provided a growing body of

---

[3] Mr. Cole states that he is a former smoker of crack cocaine, but not cigarettes. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 15, 2021) (identifying former cigarette smoker as a condition at higher risk for COVID-19 complications). Additionally, the CDC identifies hypertension as only a condition that can *possibly* make you more likely to get severely ill from COVID-19. *Id.*

evidence that mRNA COVID-19 vaccines offer similar protection in real-world conditions as they have in clinical trial settings, reducing the risk of COVID-19, including severe illness by 90 percent or more among people who are fully vaccinated. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Nov. 15, 2021). Despite Mr. Cole's argument to the contrary, dkt. 59 at 5, the CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against Delta and other variants currently spreading in the United States, https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html (last visited Nov. 15, 2021). Even after Delta became the most common variant of COVID-19, the CDC reports that fully vaccinated people's risk of being hospitalized or dying from the virus was reduced by 10 times as compared to unvaccinated people. *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7037e1.htm (last visited Nov. 15, 2021). The vaccines are not 100% effective, and some vaccinated people may still get sick. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of November 12, 2021, the BOP has administered more than 245,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 15, 2021). Mr. Cole has now received both doses of the COVID-19 vaccine—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, nearly 85% of the inmates housed at USP McCreary have received both doses of the COVID-19 vaccine.

This high rate of vaccination at USP McCreary should provide Mr. Cole with additional protection against infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Nov. 15, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). The BOP has also met with recent success in controlling the COVID-19 virus at USP McCreary. As noted above, the BOP reports that no inmates at USP McCreary currently have an active case of COVID-19.

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803.

Here, Mr. Cole has been fully vaccinated against COVID-19, nearly 85% of the inmates at his facility have been fully vaccinated, and there are no inmates with a current COVID-19 infection at his facility. Given these facts and the rationale of *Broadfield*, the Court declines to exercise its discretion to find that the risk Mr. Cole faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States*

*v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated). All inmates—and, indeed, all people—are subject to some risk from infectious disease. While the COVID-19 vaccine may not offer Mr. Cole perfect protection, the risk that he will become severely ill or die from the virus has been substantially diminished.

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III. Conclusion

For the reasons stated above, Mr. Cole's motion for compassionate release, dkt. [46], is **denied**.

**IT IS SO ORDERED.**

Date: 11/16/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel